**LEWIS et al. v. SECURITIES & EXCHANGE COMMISSION (UNITED LIGHT & RAILWAYS CO. et al., Interveners).**

No. 13744.

United States Court of Appeals Eighth Circuit.

Nov. 3, 1948.

Arthur G. Logan, of Wilmington, Del., for petitioners.

Roger S. Foster, General Counsel, Securities and Exchange Commission, of Washington, D. C. (Harry G. Slater, Jerome S. Katzin and Meyer Feldman, all of Washington, D. C., on the brief), for respondent.

Donald R. Richberg, of Washington, D. C. (John Dern, of Chicago, Ill., Charles V. Shannon, of Washington, D. C., and Samuel H. Liberman of St. Louis, Mo., on the brief), for interveners.

Before THOMAS, JOHNSEN, and COLLET, Circuit Judges.

COLLET, Circuit Judge.

This petition for review of an order of the Securities and Exchange Commission, made on December 30, 1947, in a cause there entitled "In the matter of the United Light and Railways Co., American Light & Traction Co., et al." was originally filed in the United States Court of Appeals for the Seventh Circuit. A petition to review the same order of the Securities and Exchange Commission had been filed in this court by the Panhandle Eastern Pipe Line Company (hereinafter referred to as "Panhandle"). Upon the motion of the Securities and Exchange Commission, (which will be referred to as the "Commission") the present petition was transferred to this court. The United Light and Railways Co. and American Light & Traction Co. (American) were granted permission to intervene. It was stipulated that the record as printed for use upon the hearing and submission of the Panhandle petition shall be the record in this cause in addition to the Petition for Review filed herein. Petitioners herein adopt the Statement of Each Point to be Argued contained in Panhandle's brief in its case and in addition rely upon three additional points which will be presently noted. The present cause was consolidated with the Panhandle case for purposes of oral argument. Since the Panhandle case has been determined by this court in an opinion of this date, entitled Panhandle Eastern Pipe Line Co. v. Securities and Exchange Commission, 170 F.2d 453, it will be unnecessary to here review the facts there stated.

The petitioners in this case own 7600 shares of the common stock of American. The three additional objections, above referred to, which are made to the Commission's order of December 30, 1947, are:

(1) That the purchase by American of up to 250,000 shares of the common stock of Michigan-Wisconsin Pipe Line Company (Michigan-Wisconsin) at the par value of $100.00 per share is unfair and inequitable to the common stock holders of American and should not have been approved.

(2) That the Commission did not affirmatively find, as required by Section 11 (e) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79K (e), that said investment is fair and equitable to the persons affected by such plan, and therefore should not have approved the investment.

(3) That the record shows that the proposed investment by American in the com-

mon equity stock of Michigan-Wisconsin is so reckless, imprudent and irrational that the Commission should have prohibited the investment from being made.

The arguments advanced in support of petitioners' first point were fully considered in our opinion in the Panhandle case and held to be without merit.

The answer to petitioners' second point is found in the Commission's findings that the use of American's funds in the construction of the pipe line project would not be unfair to American common stock holders.[1]

In our opinion in the Panhandle case we discussed at some length the basis for the Commission's approval of the plan of financing and the argument that it had abdicated its responsibility under the Act in favor of the managerial discretion of the utilities involved. Since petitioners make substantially the same argument in support of their third point as were made and considered on that subject in the Panhandle case, our determination of those issues in the latter case is dispositive of petitioners' third point.

For the reasons stated above, and in our opinion in Panhandle Eastern Pipe Line Co. v. Securities and Exchange Commission, supra, the Commission's order is affirmed.

---

[1] "c. Certain objecting common stockholders have asserted that construction of the pipe line will not afford the common stockholders the 'equitable equivalent' of their present interest in the enterprise because, they assert, it represents an improper diversion of corporate assets undertaken by the management of American under the domination of Railways and without the consent of minority stockholders; they suggest that the plan must, therefore, be regarded as unfair to them. We doubt whether this argument may properly be addressed to the issue of 'fairness,' for the fair and equitable standard, in the reorganization context of Section 11 (e), relates to the adjustment of rights as between various classes of security holders and to the recognition and allowance of claims against the estate. What objectors are really questioning is the right of the management to embark upon the present undertaking. In that connection we have examined the charter provisions of American and have found nothing which would prohibit it from owning securities of the type represented by Michigan-Wisconsin. On the contrary, the corporation's authority to do business is broad enough to engage in the natural gas transmission business itself and it clearly embraces the proposed operations. While recognizing that the operation of the pipe line will constitute a substantial change in the operations of the company, we nevertheless do not consider that there will result so radical or so unforeseen a change in the basic nature of the company's business, having in mind the breadth of the charter provisions, as to require the special consent and approval of stockholders. The decision to construct, and operate the line rests initially with the management, and we find nothing in the provisions of the Holding Company Act which requires an overruling of their decision. The responsibility for going forward with the project, of course, also rests with management and, under the circumstances, the project cannot be regarded as unfair to American's common stockholders. We therefore find no merit in the contention that construction of the pipe line would be unfair to those security holders."